**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

HARLEYSVILLE PREFERRED
INSURANCE COMPANY,

Plaintiff,

v. CIVIL ACTION NO.:

LAURA WELLS,

Serve: Laura Wells
2316 Hatton Street, #A
Virginia Beach, VA 23451

ADVANCED SYSTEMS SOLUTIONS, INC.,

Serve: c/o Registered Agent
David Bastiaans
200 Bendix Road, Suite 300
Virginia Beach, VA 23452

MAUREEN O'BRIEN,

Serve: 2228 Red Tide Road
Virginia Beach, VA 23451

GEICO GENERAL INSURANCE COMPANY,

Serve: c/o Registered Agent
Beth Roberts
1345 Perimeter Parkway
Virginia Beach, VA 23454

Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Harleysville Preferred Insurance Company ("Harleysville"), by counsel, and for its Complaint for Declaratory Judgment hereby states as follows:

1. This Complaint for Declaratory Judgment is filed to determine the construction, interpretation, and application of Commercial Lines Common Policy BA00000042413U issued to Advanced Systems Solutions, Inc., and attached hereto as Exhibit A ("the Policy").

2. Pursuant to the terms of the Policy, the Policy period was January 7, 2018 until January 7, 2019. *See,* Exhibit A.

## JURISDICTIONAL STATEMENT

3. Harleysville is a Pennsylvania Corporation with its principal place of business located in Harleysville, Pennsylvania. Harleysville is, and at all times relevant to this action was, duly authorized to conduct business in the Commonwealth of Virginia.

4. Defendant, Laura Wells, is an individual who is a Virginia resident, and who is not a member of the Armed Forces on active duty. Defendant Wells has asserted that she is entitled to uninsured/underinsured motorist ("UM/UIM") coverage under the Policy, as set forth below.

5. Defendant, Advanced System Solutions, Inc. ("Advanced"), is a Virginia Corporation and is the named insured on the Policy.

6. Defendant, Maureen O'Brien, is an individual who is a Virginia resident, and who is not a member of the Armed Forces on active duty, and who was involved in a motor vehicle accident on March 21, 2018 ("the Accident"), leading to litigation as set forth below.

7. Defendant, GEICO General Insurance Corporation, is an organization with its principal office located in Chevy Chase, Maryland, which is authorized to conduct business in the Commonwealth of Virginia, and which purportedly provided insurance coverage to Defendant Laura Wells related to the Accident.

8. This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332 based upon complete diversity of citizenship between the Plaintiff and the Defendants hereto, and because the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) exclusive of interest and costs.

9. This Court has jurisdiction to issue a declaratory judgment as to the rights and obligations of the parties hereto pursuant to 28 U.S.C. § 2201.

10. All necessary and indispensable parties whose legal rights are impacted by the controversy at issue in this action have been properly joined herein.

## *FACTS UNDERLYING THE CLAIM*

11. On or around March 21, 2018, Defendant Wells was operating her 2014 Volkswagen Jetta on North Great Neck Road at the intersection of Shorehaven Drive in the City of Virginia Beach, Virginia.

12. The vehicle operated by Defendant Wells at the time of the Accident was not owned by Advanced.

13. Defendant Wells was not acting within the scope of any agency or employment for Advanced at the time of the Accident.

14. At the same time and place, Defendant O'Brien was operating a motor vehicle at or near the same intersection, and allegedly caused her vehicle to strike the vehicle being driven by Defendant Wells, allegedly resulting in bodily injury to Defendant Wells.

15. Defendant Wells filed a personal injury lawsuit against Defendant O'Brien and John Doe seeking judgment of $2,500,000.00 for compensatory damages, and $350,000.00 for punitive damages, plus costs, and interest. ("Personal Injury Complaint"). A true and accurate copy of the Personal Injury Complaint is attached hereto as Exhibit B.

16. Defendant Wells' Personal Injury Complaint alleges that Plaintiff owes UM/UIM coverage to Defendant Wells pursuant to the Policy.

17. The vehicle Defendant Wells was operating at the time of the Accident was not a covered vehicle as defined by the Policy. *See,* Exhibit A.

18. Defendant Wells was not an insured at the time of the Accident pursuant to the terms of the Policy. *See,* Exhibit A.

## *THE CONTROVERSY*

19. In light of the above-noted personal injury lawsuit, Harleysville has been called upon to provide UM/UIM coverage to Defendant Wells. *See,* Exhibit B.

20. Harleysville avers that no UM/UIM coverage is owed to Defendant Wells as a result of the above-noted Accident, leading to the claimed damages in the Personal Injury Complaint, because, *inter alia,* Defendant Wells was operating a vehicle not covered by the Policy, and was not an insured as defined by the Policy.

21. The policy clearly and unambiguously defines who is an insured under the Policy, and what vehicles are insured under the Policy.

22. To-wit, the Uninsured Motorists Endorsement (Virginia) of the Policy states that "“You" and "your" mean the person or organization shown as the named insured in Item One of the declarations." *See,* Exhibit A.

23. The Uninsured Motorists Endorsement (Virginia) goes on to state that "a "Family member" means a person related to "you" by blood, marriage or adoption who is a resident of "your" household, including a ward or foster child."

24. Item One in the declarations of the Policy defines the named insured as "Advanced Systems Solutions, Inc." *See,* Exhibit A.

25. Therefore, pursuant to the plain and unambiguous terms of the Policy, "you" means Advanced Systems Solutions, Inc.

26. The Uninsured Motorist Endorsement also defines an "Insured" as "any person or organization qualifying as an insured in the Who Is An Insured section of this endorsement, including the personal representative of any insured." *See,* Exhibit A.

27. The "Who Is An Insured" provision of the Uninsured Motorists Endorsement (Virginia) states that an insured is "1. "You" or any "family member." 2. Anyone else "occupying" a "covered auto." 3. Anyone for damages he or she is entitled to recover because of "bodily injury" to which this coverage applies, sustained by another "insured" 1. or 2. above." *See,* Exhibit A.

28. Thus, the coverage provisions are quite clear. The insured is "you," defined as Advanced Systems Solutions, Inc.

29. Defendant Wells is neither the named insured, nor a family member of the named insured corporation pursuant to the terms of the Policy definitions.

30. Moreover, the Policy clearly and unambiguously defines the covered autos. *See,* Exhibit A.

31. Symbol 6 was selected under the Description of Covered Auto, which reflects that "Owned "Autos" Subject to a Compulsory Uninsured Motorist Law" constitute "Only those "autos" you own that because of the law in the state were they are licensed or principally garaged are required to have and cannot reject Uninsured Motorist Coverage. This includes those "autos" you acquire ownership after the policy begins provided they are subject to the same state uninsured motorists requirement." *See,* Exhibit A.

32. Additionally, a covered auto is clearly defined as one that "you own." *See,* Exhibit A.

33. Advanced Systems Solutions, Inc. did not own the vehicle operated by Defendant Wells at the time of the Accident.

34. Therefore, Defendant Wells was not an insured, and was not occupying a covered auto, at the time of the Accident.

35. Thus, Defendant Wells is not entitled to any UM/UIM coverage pursuant to the Policy.

36. Additional Policy exclusions may also preclude Harleysville from owing any duty to Defendant Wells to provide UM/UIM coverage with respect to the Accident and the claimed damages set forth herein and in the Personal Injury Complaint.

37. Therefore, there exists an actual controversy and dispute between the parties hereto involving the obligation of Harleysville to afford UM/UIM coverage to Defendant Wells pursuant to the Policy.

WHEREFORE, having set forth the grounds for its Complaint for Declaratory Judgment, Harleysville prays as follows:

(1) That this Court rules it has jurisdiction to issue Declaratory Judgment as to the rights and obligations of the parties hereto, and that venue is proper for the adjudication of the rights and obligations of the parties hereto, and that all necessary and essential parties have been properly joined herein;

(2) That this Court rules that the Policy does not afford UM/UIM insurance coverage to Defendant Wells for any claims from any parties for any of the incidents set forth herein or seeking recovery for the damages set forth herein;

(3) That this Court enter an Order establishing the above-noted rulings, findings of fact, and conclusions of law; and,

(4) That this Court grant to Harleysville such further relief as it might deem appropriate.

HARLEYSVILLE PREFERRED
INSURANCE COMPANY

/s/

Scott C. Hartin, Esquire
Virginia Bar No. 80450
Attorney for Harleysville Preferred Insurance Company
McKenry Dancigers Dawson, P.C.
192 Ballard Court, Suite 400
Virginia Beach, Virginia 23462
(757) 461-2500 telephone
(757) 461-2341 facsimile
SCHartin@va-law.org