IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HARLEYSVILLE PREFERRED )
INSURANCE COMPANY, )
  Plaintiff, )
)
v. )   Civil Action No.  2:20CV002 (RCY)
)
GEICO GENERAL INSURANCE )
COMPANY, *et al.*, )
  Defendants. )
            )

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (ECF No. 53).  The Motion for Summary Judgment has been fully briefed, and the Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.  E.D. Va. Loc. Civ. R. 7(J).  For the reasons stated below, the Court will grant Plaintiff's Motion for Summary Judgment.

**I. BACKGROUND**

**A. The Alleged Underlying Dispute**

Harleysville Preferred Insurance Company ("Harleysville" or "Plaintiff") is a Pennsylvania corporation with its principal place of business in Harleysville, Pennsylvania. (Compl. ¶ 3, ECF No. 1.)  Laura Wells ("Defendant Wells" or "Wells") is an individual who is a Virginia resident. (*Id.* ¶ 4.)  Advanced Systems Solutions ("Advanced" or "Defendant Advanced") is a Virginia corporation co-owned by Thomas Wells who is Laura Wells' husband. (*Id.* ¶ 5; Wells' Resp. at 2, ECF No. 57.) [1]  Maureen O'Brien ("O'Brien" or "Defendant O'Brien") is an individual who is a

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions.

1

Virginia resident.[2] (Compl. ¶ 6.)  Geico General Insurance Corporation ("Geico" or "Defendant

Geico") is an organization with its principal office located in Chevy Chase, Maryland. (*Id.* ¶ 7.)

Geico purportedly provided insurance coverage to Defendant Wells related to the underlying

accident. (*Id.*)

On March 21, 2018, Wells was driving her vehicle, a 2014 Volkswagen Jetta ("Jetta"),

when she and O'Brien were involved in a motor vehicle accident. (*Id.* ¶¶ 11, 14; Pl.'s Br. Supp.

Mot. Summ. J. ¶ 15, ECF No. 54.)  As a result of the accident, Wells filed a personal injury suit

against O'Brien and John Doe. (Pl.'s Br. Supp. Mot. Summ. J. ¶ 16; Compl. ¶ 15.)  Within the

personal injury complaint, Wells claimed that she was entitled to coverage under a policy issued

to Advanced by Harleysville. (Compl. ¶ 19; Pl.'s Br. Supp. Mot. Summ. J. ¶¶ 5, 22.)

**B. The Insurance Policy**

Harleysville issued an insurance policy with Policy Number BA00000042413U to

Advanced for policy period January 7, 2018 to January 7, 2019 ("the Policy"). (Pl.'s Br. Supp.

Mot. Summ. J. ¶ 5; Compl. Ex. 1 at 16, ECF No. 1-1.)[3]  The Policy includes a business auto

coverage form, and provisions governing uninsured/underinsured motorist ("UM/UIM") coverage.

( Pl.'s Br. Supp. Mot. Summ. J. ¶¶ 1, 7.)  The Policy's uninsured motorist endorsement is derived

from Commercial Auto Policy Form CA 21 21 11 02 ("Commercial UM/UIM Form"), a form

required for use in Virginia pursuant to the Virginia State Corporation Commission, Bureau of

Insurance, Administrative Order No. 12048.[4] (*Id.* ¶¶ 8-9.)  The Commercial UM/UIM Form in the

Policy provides the following regarding payment under the Policy:

---

[2] O'Brien is now deceased. (O'Brien Resp. at 1, ECF No. 55.)  On May 24, 2021, the Court granted Plaintiff's Motion for Substitution of Party and ordered that Gary C. Burr, the executor of the estate of O'Brien be substituted as a defendant in place of O'Brien. (ECF No. 62.)

[3] The Policy is filed as an exhibit to the Complaint, ECF No. 1-1, and as an exhibit to Plaintiff's Brief in Support of Motion for Summary Judgment, ECF No. 54-2.)

[4] Use of Commercial Auto Policy Form AC 21 21 11 02 is also mandated pursuant to Virginia Code Ann. § 38.2-2218 through 2223. (Pl.'s Br. Supp. Mot. Summ. J. ¶¶ 8-9.)

"We" will pay in accordance with the Virginia Uninsured Motorist Law, all sums the "insured" is legally entitled to recover as damages from the owner or operator of an "uninsured motor vehicle".

(ECF No. 54-2 at 53.) The Policy defines "Who Is Insured" as:

1. "You" or any "family member".
2. Anyone else "occupying" a "covered "auto".
3. Anyone for damages he or she is entitled to recover because of "bodily injury" to which this coverage applies, sustained by another "insured" under 1. or 2. above.

(ECF No. 54-2 at 53; Pl.'s Br. Supp. Mot. Summ. J. ¶ 10.)  The Policy defines "You" and "your" as "the person or organization shown as the named insured in ITEM ONE of the declarations." (ECF No. 54-2 at 52; Pl.'s Br. Supp. Mot. Summ. J. ¶ 12.)  Advanced Systems Solutions, Inc. is the named insured in ITEM ONE of the Policy's declarations. (ECF No. 54-2 at 20; Pl.'s Br. Supp. Mot. Summ. J. ¶ 13.)  The Policy goes on to define "family member" as "a person related to 'you' by blood, marriage or adoption who is a resident of 'your' household, including a ward or foster child." (ECF No. 54-2 at 52; Pl.'s Br. Supp. Mot. Summ. J. ¶ 14.)

Wells argues that she is entitled to UM/UIM coverage under the Policy for injuries that she sustained in the March 21, 2018 accident because the language of the Uninsured Motorist Endorsement is ambiguous and should be interpreted in favor of coverage to the injured party. (Wells' Resp. at 5.)  Harleysville asserts that Wells is not entitled to UM/UIM coverage under the Policy, arguing that she was not an insured under the Policy and was not occupying a covered auto under the Policy at the time of the accident. (Pl.'s Br. Supp. Mot. Summ. ¶ 32.)

## II. PROCEDURAL HISTORY

Harleysville filed a Complaint on January 2, 2020, (ECF No. 1) for declaratory judgment against Wells, Advanced, O'Brien, and Geico.  On April 21, 2021, Harleysville filed a Motion for Summary Judgment and a brief in support (ECF Nos. 53, 54).  On April 22, 2021, Defendant O'Brien filed a Response (ECF No. 55), stating that she had no facts or legal argument as to

whether Harleysville should provide coverage for the injuries associated with the underlying automobile accident.  On April 26, 2021, Defendant Advanced filed a Response (ECF No. 56), stating that it does not dispute the statement of undisputed facts set forth by Harleysville in its brief in support and that it takes no position on Harleysville's motion.  On May 4, 2021, Defendant Wells filed a Response in Opposition (ECF No. 57). On May 11, 2021, Harleysville filed a Reply (ECF No. 58).

### III. STANDARD OF REVIEW

Summary judgement is appropriately granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute about a material fact is genuine when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party moving for summary judgment "bears the initial burden of demonstrating the absence of any genuine issue of material fact." *DiSciullo v. Griggs & Co. Homes*, 2015 WL 6393813, at *4 (E.D.N.C. Oct. 22, 2015).  The burden then shifts to the nonmoving party to show that there are genuine issues of material fact." *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  "Summary judgment is particularly well-suited for resolution of insurance coverage disputes because the construction of insurance contracts is a legal question." *Grossberg v. Travelers Indem. Co. of Am.*, 825 F. Supp. 2d 717, 721 (E.D. Va. 2011) (citing *St. Paul Fire & Marine Ins. Co. v. Jacobson*, 826 F. Supp. 155, 157 (E.D.Va.1993)).

The Fourth Circuit notes that Virginia has adopted the Eight Corners Rule under which the court may "look primarily at the underlying complaints and the insurance policy to determine if there is a potential for coverage." *CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 155 (4th Cir. 2009); *Am. Online, Inc. v. St. Paul Mercury Ins. Co.*, 207 F. Supp. 2d 459, 465

(E.D. Va. 2002) ("the 'eight corners rule' requires review of '(1) the policy language to ascertain the terms of the coverage and (2) the underlying complaint to determine whether any claims alleged therein are covered by the policy.'"). Furthermore, "[a] federal court sitting in diversity jurisdiction must apply the choice-of-law rules of the forum state." *Phila. Indem. Ins. Co. v. Associated Univs., Inc.*, No. 3:20-CV-47, 2021 WL 4484556, at *5 (W.D. Va. Sept. 29, 2021) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Here, the forum state is Virginia, and "[i]n insurance coverage disputes, the general rule in Virginia is that 'the law of the place where an insurance contract is written and delivered controls issues as to its coverage.'" *Id.* (citation omitted). Here, the Policy was formed and issued in Virginia, and the parties do not dispute the application of Virginia law. (Pl.'s Br. Supp. ¶ 6.) As such, the Court shall apply Virginia law.

## IV. ANALYSIS

Harleysville argues that Wells is not entitled to coverage under the Policy because she was not an insured under the Policy and was not occupying a covered auto under the Policy at the time of the accident. (Pl.'s Br. Supp. Mot. Summ. ¶ 32.) Harleysville further argues that courts must construe insurance contracts in accordance with their plain unambiguous terms and in this case, the terms of the Policy clearly define who is an insured for the purpose of UM/UIM coverage. (*Id.* ¶¶ 33-35.) According to Harleysville, Wells does not fit into any of the "insured" categories. (*Id.* ¶ 36.) Wells is not Advanced, the named insured, and she is not a family member of Advanced as required for coverage under the Policy because Advanced is a corporation, and corporations cannot have family members. (*Id.* ¶ 37-40.) Additionally, Wells was driving her own personal vehicle, the Jetta, at the time of the accident, and her Jetta is not a "covered auto" as defined by the Policy. (*Id.* ¶¶ 41-43.) Finally, Harleysville avers that Wells was never employed by, an agent of, nor

engaged in furthering Advance's business activity. (*Id.* ¶ 44.)  As such, Harleysville concludes that "according to the clear and unambiguous, state-mandated, terms of the Policy," Wells is not entitled to coverage under the Policy. (*Id.* ¶¶ 45-46.)

Wells argues that she is entitled to coverage under the Policy because the language of the Uninsured Motorist Endorsement is ambiguous and should be interpreted in favor of coverage to the injured party. (Wells' Resp. at 5.)  Specifically, Wells argues that the use of the term "family member" creates ambiguity because of the language defining "Who is Insured." (*Id.*)  The Policy defines "You" and "your" to include the named insured, but the only named insured listed is Advanced. (*Id.*) Wells asserts that since the Policy also covers "family members" of the insured, a strict interpretation of that language leads to the conclusion that the Policy and endorsement purports to provide coverage for family members of an "S" corporation. (*Id.* at 6.)  Wells concludes that because a corporation cannot have family members, the Policy "creates an obvious ambiguity relating to those entitled to coverage, especially in the context of a closely-held 'S' corporation with only two owners." (*Id.*)

When interpreting an insurance contract, "[t]he Court must 'construe the contract as a whole, and no word or clause is to be treated as meaningless if any reasonable meaning consistent with the other parts of the contract can be given to it.'" *Grossberg*, 825 F. Supp. 2d at 721 (E.D. Va. 2011) (citing *Hutter v. Heilmann*, 475 S.E.2d 267, 270 (Va. 1996)).  When "the terms are unambiguous, the court need not apply any other rules of construction." *Id.* at 722 (citing *Va. Farm Bureau Mut. Ins. Co. v. Hodges*, 385 S.E.2d 612, 614 (Va. 1989)).  But "ambiguous terms in a policy are construed against the insurer, who wrote the policy and presumably could have written it more clearly." *CACI Int'l, Inc.*, 566 F.3d at 155.  Under Virginia law, "language is ambiguous when it may be understood in more than one way or when it refers to two or more things at the

same time." *Nationwide Mut. Ins. Co. v. Overlook, LLC*, 785 F. Supp. 2d 502, 515 (E.D. Va. 2011) (citing *Granite State Ins. Co. v. Bottoms*, 415 S.E.2d 131 (Va. 1992)).   However, "when interpreting a policy courts must not strain to find ambiguities." *Id.* (citing *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 636 (4th Cir. 2005)).

Wells asserts that there are no Virginia appellate cases directly on point, but several other jurisdictions have interpreted nearly identical language as creating ambiguity, thereby mandating coverage. (Wells' Resp. at 6.)   Wells urges the Court to adopt the views of other jurisdictions such as the Connecticut Supreme Court in *Ceci* where the Court held that the inclusion of "family member" language in a business policy created an ambiguity. (*Id.* (citing *Ceci v. National Indem. Co.*, 622 A.2d 545 (Conn. 1993)).)   The court in *Ceci* reasoned that the language "left [the plaintiff and his family] in the unenviable position of having to divine the meaning and purpose of the family member language in the context of the policy." *Ceci*, 622 A.2d at 550.   However, Wells' argument based on *Ceci* is inapposite, and the Court rejects reliance on *Ceci* for two reasons.   First, "Connecticut applies a markedly different rule of construction not recognized in Virginia." *Grossberg*, 825 F. Supp. 2d at 724.   Namely, Connecticut approaches contract construction as a "necessarily fact oriented" analysis. *Id.* (citing *Ceci*, 622 A.2d at 547).   When interpreting the term "family member," "the court in *Ceci* engaged in a 'careful consideration of the situation [of the parties] to that policy and the circumstances connected with the transaction.'" *Id.* (*Ceci*, 622 A.2d at 547).   Conversely, "[s]uch analysis is foreign to Virginia courts, which consider '[w]hether a writing is ambiguous [as] a question of law, not [of fact].'" *Id.* (citing *Va. Elec. & Power Co. v. N. Va. Reg'l Park Auth.*, 618 S.E.2d 323, 326 (2003)).   In light of the varying rules of construction

based on jurisdiction, the Court will instead give due consideration to Virginia lower court decisions.[5] *Id.*

Second, though Wells is correct in her assertion regarding the lack of Virginia appellate cases, this issue is not novel among Virginia courts.  As a federal court sitting in diversity, "it is not the role of this Court to develop a state's common law." *Grossberg*, 825 F. Supp. 2d at 721 (citing *Compton v. Nationwide Mut. Ins. Co.*, 480 F. Supp. 1254, 1256 (W.D. Va. 1979)).  If no state cases are directly on point, "the court must determine what rule the state supreme court 'would probably follow, not fashion a rule which we, as an independent federal court, might consider best.'" *Id.* (citing *Kline v. Wheels by Kinney, Inc.*, 464 F.2d 184, 187 (4th Cir. 1972)).  "To that end, decisions of a state's lower courts ought to be given due consideration in the analysis." *Id.* (*Compton*, 480 F. Supp. at 1256) (citation omitted).

The Virginia circuit court interpreted a Virginia-mandated UM/UIM endorsement containing identical language and found no ambiguity.  *Elkins v. Erie Ins. Exch.*, 77 Va. Cir. 344 (2008); *see also Parnell ex rel. Parnell v. Nationwide Mut. Ins. Co.*, 46 Va. Cir. 232 (1998) (concluding "that the phrase 'or any family member' in the UM/UIM endorsement constitutes surplusage not ambiguity"); *accord Grossberg*, 825 F. Supp. 2d at 726 (holding that the phrase "family member" within an identical UM/UIM endorsement was not ambiguous) (applying Virginia law).  The *Elkins* court held that the "you" in the UM/UMI endorsement was the named insured—the corporation. 77 Va. Cir. at *3.  Furthermore, because a corporation could not have "family members" as described by the policy, the policy did not provide coverage for the family members in that case. *Id.  Elkins* also acknowledged the split of authorities on this issue, explaining

---

[5] Wells also supports its argument using cases from the Supreme Courts of Colorado and New Jersey. (Wells' Resp. at 7-8.) The Court declines to adopt the findings of ambiguity in those cases as they are not binding and they are inconsistent with Virginia lower court decisions.

that "[w]hile the Supreme Court of Virginia has not addressed the issue as to whether the inclusion of the "family member" in a UM/UIM mandatory endorsement renders a commercial vehicle policy ambiguous, the vast majority of other jurisdictions has found that it does not." *Id.* (citing cases).

The Court perceives no reason to diverge from the pattern forming in Virginia's lower courts.  Accordingly, the Court concludes that the use of the term "family member" does not create an ambiguity.  "On its face, the most reasonable construction of that language is that it applies only if the named insured is a 'person,' but not where the named insured is an 'organization,' as that distinction is set forth in the Policy." *Grossberg*, 825 F. Supp. 2d at 726.  Moreover, "[b]y including the distinction, and reading the Policy 'as a whole,' as required in Virginia, it is patently obvious that "family members" are covered only if "you" is a 'person.'" *Id.*  Additionally, "the fact that the courts among different states have construed similar language with varying results does not, itself, render the policy language in question ambiguous." *Grossberg*, 825 F. Supp. 2d at 725 (citing *Nationwide Mut. Ins. Co. v. Wenger*, 278 S.E.2d 874, 877 (1981)).  Finding no ambiguity, the Court construed the policy as written. (*Id.*); *see also Factory Mut. Ins. Co. v. Liberty Mut. Ins. Co.*, 518 F. Supp. 2d 803, 809 (W.D. Va. 2007) ("[U]nder Virginia law, if the language of an insurance policy is clear and unambiguous, a court will 'give the language its plain and ordinary meaning and enforce the policy as written.'") (citations omitted).

Here, the named insured within the Policy is Advanced, a corporation, and as a corporation, Advanced cannot have family members. (Compl. ¶ 5.)  Furthermore, Wells was driving her Jetta, not a "covered auto" under the Policy, during the car accident.  As such, Wells is not entitled to coverage under the UM/UIM endorsement of the Policy.

9

## V. CONCLUSION

For the foregoing reasons, the Court will grant Harleysville's Motion for Summary Judgment.

An appropriate Order shall issue.

_____/s/_____
Roderick C. Young
United States District Judge

Richmond, Virginia
Date:  February 14, 2022